## SCHRIMPF *v.* TENNESSEE MANUFACTURING COMPANY.

### (*Nashville.* December 17th, 1887.)

MASTER AND SERVANT. *Contract of hiring. Quitting service without notice. Forfeiture of wages due.*

A clause in a contract of employment, by which the servant agrees to give two weeks' notice of his intention to quit, and that, if he fails to do so, "*whatever* may be due at the time of leaving is an indebtedness to the company, to be considered as liquidated damages for such failure," is void. Such stipulation, though *in form* for *liquidated damages*, is, *in substance*, for an *unreasonable and oppressive forfeiture.*

(See Smitha *v.* Railroad Co., *ante*, p. 194.)

---

### FROM DAVIDSON.

---

Appeal in error from Circuit Court of Davidson County. W. K. McALISTER, J.

Action brought by Schrimpf against the Tennessee Manufacturing Company, for services rendered the defendant by the plaintiff's minor son.

There was judgment below in favor of the defendant. Plaintiff appealed.

FRANK T. REID for Schrimpf.

BAXTER SMITH & SON for Tennessee Manufacturing Company.

TURNEY, C. J.　Plaintiff sues the defendant for twenty-eight dollars, claimed to be due for the services of his minor son, rendered under a contract made by the father.　There is no dispute as to the amount.　The defense is put upon a clause in the contract as follows: "Every individual desiring or intending to leave the employ of the company will be required to give two weeks' notice, and his other engagement with the company will not be considered fulfilled until he or she has worked out such notice; and should any person leave the employ of the company without giving and working the two weeks' notice required, it is agreed by both employer and employe that whatever may be due at the time of leaving is an indebtedness to the company to be considered as liquidated damages for such failure to carry out the contract as made."

The son quit without giving the notice.　Wherefore, it is urged the company owes the father nothing by the terms of the contract.　His view of the merits of such defense is thus expressed by Scott, J., in *Basyl* v. *Ambrose,* 28 Mo., 39.　We quote from Sutherland on Damages, Vol. I., page 479:

"They mistake the object and temper of our system of jurisprudence, who, while maintaining that men, in making all contracts, have a right to stipulate for liquidated damages regardless of the disproportion to the sum resulting from a breach of the contract, insist that it would be

Schrimpf *v.* Tennessee Manufacturing Company.

hard if men were not permitted to make their own bargains. No system of laws would command our respect or secure willing obedience which did not to some extent provide against the mischief resulting from improvidence, carelessness, inexperience, and undue expectations on one side, and skill, avarice, and a gross violation of the principles of honesty on the other. The folly of one making a wild and reckless stipulation will not justify gross oppression in another. A just man, when he sees one in a situation in which he is prepared to make a contract which must grind and oppress him, will not take advantage of his state of mind and enrich himself by his folly and want of experience. It has been remarked that in reason, in conscience, in natural equity, there is no ground to say because a man has stipulated for a penalty in case of his omission to do a particular act, the real object of the parties being the performance of the act, that if he omits to do the act he shall suffer an enormous loss, wholly disproportionate to the injury of the other party."

As we have seen, the services were rendered by a minor. We may justly infer the father was in a situation to make a contract which might grind and oppress him. We may also conclude that he has engaged to suffer a loss disproportionate to the injury to the other party. Nay, more; we may say he has agreed to suffer a loss when no injury has resulted to the other party, as none is claimed.

The refusal to pay is purely because it is so provided in the bond.

There is nothing to show how long the child has labored to create the debt sued for. If the contract is euforcible at all, it' is so for a failure of an hour as well as the two entire weeks. If the company had been indulged for twelve months in making payments, all could be taken for the two weeks, or any particular part thereof, on failure to give notice and continue to work.

On this subject Mr. Sutherland, Vol. I., page 510, says: "The damages which may result from a mechanic's quitting work contrary to his contract are uncertain, but every stipulation purporting to fix the amount he shall forfeit or pay in such an event will not be treated as stipulated. Where the contract of hiring required that if the employe quit without giving thirty days' notice he should forfeit all wages due to him at the time of leaving, Campbell, J., said: 'We have no difficulty in holding that the injury caused by the sudden breaking off of a contract of service by either party involves such difficulties concerning the actual loss as to render a reasonable agreement for stipulated damages appropriate. If a fixed sum, or a maximum within which wages unpaid and accruing since the last pay-day might be forfeited, should be agreed on, and shall not be an unreasonable or oppressive exaction, there would seem to be no legal objection to the stipulation if both parties are equally and justly protected.' But the facts set

forth in this record do not, we think, bring the case within any such rule. The forfeiture, under the contract, covers all the wages due at the time of leaving. This is open to the objection that the employe may have been in arrears, and thus enabled to profit by his own wrong. No such forfeiture could be enforced against wages, as such, which the workman was to have paid to him before he committed any breach of his duty."

The latter case is at one with that before us, and contains our opinion of the law governing it. The rulings are simple utterances of common honesty, practical good sense, and fair dealing.

The clause of the contract pleaded in defense is void. The judgment is reversed and judgment here for plaintiff.

### ON PETITION TO REHEAR.

TURNEY, C. J. The petition to rehear reargues the legal question. We are content with the holding, and dismiss the petition.