### COEN & CONWAY v. W. J. BIRCHARD, Appellant.

**Building contract:** FORFEITURE: EVIDENCE. Under the evidence, it is
1 held that a building contract was substantially performed, so that there could be no recovery under a stipulation as to forfeiture for non-completion, either as liquidated damages or as a penalty.

**Liquidated damage:** RECOVERY. There can be no recovery under a
2 penalty provided in a building contract, for failure to complete the building within a required time, where no damage for the delay is shown.

**Liquidated damages:** EQUITABLE RELIEF. A contract provision for
3 liquidated damages may be enforced in equity; but chancery will relieve against an unreasonable provision.

*Appeal from Scott District Court.*— HON. A. J. HOUSE, Judge.

MONDAY, JUNE 13, 1904.

SUIT in equity to establish and foreclose a mechanic's lien. Defendant answered, and, among other things, interposed a counterclaim. The trial court granted the relief prayed, and defendant appeals.—*Affirmed.*

*W. M. Chamberlain,* for appellant.

*Sharon & Donegan,* for appellees.

DEEMER, C. J.— Plaintiffs are contractors, who undertook to construct a house for the defendant for rental purposes.  They agreed to finish the work on or before February

1. BUILDING
CONTRACT:
forfeiture;
evidence.

15, 1902, and further stipulated that for each and every day thereafter that it remained incomplete they would pay the defendant the sum of five dollars per day as liquidated damages.  Defendant admitted the making of the contract, and that by the terms thereof a certain sum was due the plaintiff, but claimed damages in the sum of one hundred and fifty dollars for defective workmanship and material, and the further sum of two hundred and ninety dollars as liquidated damages, due to plaintiff's failure to complete the building within the time fixed. The trial court allowed the defendant the sum of five dollars on account of defective roof, but disallowed all other claims. He now contends that in this there was error; that he should recover liquidated damages due to plaintiffs' failure to complete the building within the stipulated time, and that the case should be reversed on this ground alone.

There is no doubt that the building was not completed on February 15th, as agreed; but it is contended on behalf of plaintiffs that, on account of a dispute as to the character of the hardware to be used in the building, defendant extended the time until March 1st, and that on that date the building was turned over to the defendant in a substantially complete condition.  This claimed extension is denied by the defendant, and this presents the first issue of fact in the case. Without setting forth the evidence, it is sufficient to say that we are constrained to hold that plaintiffs' contention in this respect is fully sustained.  The only complaint defendant made on the first of March regarding the condition of the building was that the rubbish about it had not been cleaned

up, of a hole in the wall under a cellar door frame, the point-ing up of the outside cellar wall, some changes about the windows, and defects in the painting and puttying. As to outside work, it is practically agreed that that was dependent on the condition of the weather. The cleaning up of the rubbish, the painting, and the puttying were all outside work; and the evidence shows that some of the claimed defects were due to weather conditions. The hole in the wall was due to the setting of the outside cellar door frame higher than the brick masons had intended, necessitating the filling in of the hole under the door sill and between it and the wall. The grading was not to be done by plaintiffs, and the evidence shows that this filling in could not be done until the level of the outer wall was determined by the grade, which was to have been established by the defendant. The matter was promptly fixed by plaintiffs as soon as it was called to their attention. The weather interfered with the pointing up of the outside cellar wall, and also with the reglazing and outside painting; and this was done as soon as it could be. None of these things interfered with the occupancy of the house, for they all related to outside matters. Indeed, the evidence shows that the tenant to whom defendant had rented the house did not take possession thereof solely because of sickness in his family, and not because of the incompleteness of the building. The building was substantially completed on March 1st, and the defects therein were remedied within a reasonable time. The architect, who was made a sort of arbiter between the parties, testified that the only complaints made by the defendant on March 1st were as to the putty on the windows, which had fallen off in some places because of weather conditions; painting of a window sill; and the closing of the opening under the door sill to which we have referred. This witness said, in effect, that the building was substantially completed at that time, and that plaintiffs did go back in a short time and remedy these defects. So that, whether the stipulation as to forfeiture for noncompletion be

held liquidated damages or a penalty, defendant is not entitled to recover because of plaintiffs' delay in complying with their contract.

However, if the provision as to damages be held to be a penalty, defendant is not entitled to recover, for he made no proof as to the actual damages sustained by him.   True,
**2. LIQUIDATED DAMAGE: recovery.** there is some evidence from the plaintiffs as to the rental value of the building, but defendant did not try the case on this theory, nor did he ask for actual damages.

While not, perhaps, necessary to a decision of the case, it may be well to say that, taking the entire record, we do not think the stipulation as to damages should be held to make
**3. LIQUIDATED DAMAGES: equitable relief.** them liquidated.   True, the contract says they should be so construed; but this is not regarded as controlling.   It appears that the building was being constructed for rental purposes, that its rental value did not exceed twenty-five dollars per month, and that as a matter of fact defendant was not prevented from securing a tenant by reason of the incompleteness of the building. The penalty provided of five dollars per day was out of all proportion to the damages sustained.   Had the house been intended as a place of residence for the owner, doubtless the provision should be construed as liquidated damages; but not so here, in an equity case for the recovery of a balance due on the contract, where the house was constructed for rental purposes only.   Equity usually abhors forfeitures, and will be better satisfied by providing indemnity, and nothing more. Of course, even in equity, a provision fixing damages may be treated as liquidated; but courts of chancery will always relieve if the damages agreed upon are grossly and unreasonably disproportionate to the nature and extent of the injury. See *State v. Dodd,* 45 N. J. Law, 525; *Chicago Co. v. U. S.,* 106 Fed. Rep. 385 (45 C. C. A. 343, 53 L. R. A. 122); *Ward v. Hudson River Co.,* 125 N. Y. 230 (26 N. E. Rep. 256); *Wilcus v. Kling,* 87 Ill. 107; *First Church v. Walrath;*

27 Mich. 232; *Monmouth Co. v. Iron Works,* 55 N. J. L. 132 (26 Atl. Rep. 140, 19 L. R. A. 456, 39 Am. St. Rep. 626); *Cochran v. R. R. Co.,* 113 Mo. 359 (21 S. W. Rep. 6). The cases sustaining these rules are numerous, and will be found collated in volume 19, Am. & Eng. Ency. of Law (2d Ed.), pages 402, 409, 410. We are of opinion that the building was substantially completed by the time promised after the extension was given, and, if this be not true, that the provision as to damages should be treated as a penalty, and not as liquidated damages.

The decree, in so far as it is complained of, seems to be correct, and it is AFFIRMED.