Vaulx v. Buntin.

CATHERINE VAULX *et al. v.* DANIEL C. BUNTIN.

[(*Nashville.* December Term, 1912.)'

1. **LEASE.** Stipulation that lessee shall make improvements of the minimum value of a certain sum, or pay that sum as liquidated damages, is not a provision for a penalty, but for actual damages.

Where the contract for the lease of certain land, including a mansion house thereon, for the term of three years, stipulated that the lessee should pay five hundred dollars a year as rent and should during the first year place in the house permanent improvements of the minimum value of four thousand dollars; that, if he failed to do so, the lessors could, at their election, terminate the lease, on notice within ten days after the expiration of the first year, in which event the lessee should pay one-third of the said four thousand dollars as stipulated damages; that, in the event the lease is not so terminated, then, if the lessee failed to make the said improvements during the second year, and the lessors, under the reserved power, terminate the lease, on notice within ten days after the expiration of the second year, the lessee should pay the lessors two-thirds of said four thousand dollars; that, if the lease is not so terminated at the end of the second year, and if the lessee failed to make the improvements by the end of the lease, then the lessors shall be entitled to recover from the lessee the full amount of four thousand dollars, not as a penalty, but as liquidated damages, and the lessee breached the contract by his failure to make the improvements, and the lease was not terminated by the lessor, it was *held* that the provision for the recovery of the four thousand dollars, or the specified parts thereof, for the lessee's failure to make the said improvements, was not a stipulation for a penalty, but for liquidated damages, which lessors were entitled to recover as compensation for the lessee's failure to make the improvements; for, under the contract,

Vaulx v. Buntin.

the said sum of four thousand dollars is the actual damage which the lessors are entitled to recover, and the provision for liquidated damages adds nothing to the recovery. The improvements contracted for are treated as part of the rent and in consideration of an option given the lessee to purchase the property; and the provision for the payment of said portions thereof was for the benefit of the lessee.

2. **DAMAGES.** Stipulated damages in excess of actual damages may not constitute a penalty; and will not, if no disproportion.

While an apparent excess of stipulated damages over actual damages is not conclusive of the question whether the stipulated damages constitute a penalty, stipulated damages will never be treated as a penalty where there is no disproportion, but practical equality, between the stipulated sum and the actual damages. (*Post, p.* 124.)

FROM DAVIDSON.

Appeal from the Chancery Court of Davidson County. —John Allison, Chancellor.

McAlister, Smith & McAlister, for complainants.

Walter Stokes, for defendant.

Mr. Justice Green delivered the opinion of the Court.

This suit was brought by the complainants to recover $4,000, which sum was set out as liquidated damages recoverable upon a breach by the defendant of a certain contract entered into between complainants and defendant on September 5, 1907.

By the terms of this contract complainants leased to
the defendant Buntin a tract of land and house on the
Franklin turnpike for a term of three years. Com-
plainants own about 200 acres there, and leased to the
defendant the mansion house and about seventeen acres.
It was provided in this contract that defendant should
pay $500 a year rent, payable quarterly, for each year
of the term, and it was further provided that defend-
ant should have the option to purchase the leased prem-
ises at any time with in the term of the lease for
$17,000.

The clause of the lease which gives rise to this liti-
gation is as follows:

"Third. The lessee further agrees to place by October
1, 1908, permanent improvements of the minimum value
of $4,000 in the mansion house located on the leased
premises. The improvements here contemplated are such
as putting in a furnace, hardwood floors, bathrooms,
new woodwork, replacing decayed or damaged wood-
work, papering, painting, or installing new lighting
fixtures. The failure of the lessee to place in the man-
sion house improvements of the value here agreed upon
by the above-mentioned date of October 1, 1908, shall
authorize the lessors to terminate this lease at their
election, and in the event of such election the lessee
shall then pay to the lessors, as liquidated damages for
his failure to place said improvements in said mansion
house by said date, one-third of said sum of $4,000; pro-
vided, however, that the lessors shall notify the lessee
of their intention to terminate said lease within ten

days from October 1, 1908. In the event the lessors do not elect to terminate said lease within ten days referred to, and the lessee has failed to place said improvements in said mansion house by October 1, 1909, then the lessors shall have the right by giving notice within ten days from said date of October 1, 1909, to terminate said lease, and in the event of such termination at said time the lessee shall then pay to the lessors two-thirds of said sum of $4,000. If the lessors do not elect to terminate said lease within ten days from October 1, 1909, and the lessee shall have failed to place in said mansion house improvements of the minimum value above named at the time of the expiration of this lease, then the lessors shall be entitled to recover from the lessee the full amount of $4,000. The several sums named above shall not be regarded as penalties for the failure of the lessee to comply with the covenant re- cited in the first sentence of this paragraph, but shall be regarded as liquidated damages caused the lessors by reason of the failure of the lessee to comply there- with. After the improvements of said minimum value have been placed in said mansion house by the lessee, the lessee shall then, and then only, have the right to sublet said premises or assign this lease."

Defendant made no improvements on the mansion house, and this suit is brought to recover $4,000 stated as liquidated damages in the above paragraph. De- fendant occupied the premises for three years, and paid the money rental of $500 per year, and also did some

work on the grounds; but nothing was done by him on the mansion house.

The defense made to complainants' bill is that the $4,000 so stipulated to be paid is a mere penalty, and is not liquidated damages, and that, therefore, there should be no recovery in this suit. The chancellor gave a decree in favor of complainants for $4,000 and interest, and from his decree defendant appeals. The whole question here is whether this recovery provided for is a penalty.

We are unable to see any feature of a penalty in this provision for the recovery of $4,000. From reading the proof in the case, it is manifest that the complainants did not especially care to tie up this property for as long a period as three years, either by lease or by option. There was talk of an interurban railroad in this neighborhood, which was afterwards built, and real estate was advancing, and they were unwilling to take their property off the market for this length of time, without some substantial consideration. Therefore, as a part of the consideration of this contract, Buntin agreed that he would put $4,000 of improvements on the mansion house. The putting of this amount of improvements thereon by him was as much a part of the consideration of this contract as was the payment by him of $500 per year money rent.

It was entirely lawful for the parties to insert this provision for the improvements in their contract of lease, and in their option contract. It makes no difference what the place rented for prior to this contract, nor

what it has rented for since. The parties had a right to demand anything they desired for their property, and if Buntin chose to accede to their terms, there being no suggestion of fraud, he is in no position to ask this court to relieve him from this contract.

The contract was that he should pay $500 a year rent, and also that he should make $4,000 worth of improvements on the premises. He has paid the rent, but he has not made the improvements. He has, therefore, breached his contract, and the parties are probably damaged to the exact extent to which he failed to make the improvements he had agreed to do.

There is no disproportion between the amount stipulated as liquidated damages and the amount of damages actually sustained by complainants. Conceding that Buntin returned the property in practically the same condition in which he received it, then the measure of complainants' damages for the breach of this contract would be $4,000, the cost of the improvements which Buntin contracted to make, but failed to put in.

This provision for liquidated damages in this particular case adds nothing to complainants' recovery. They would be entitled to recover $4,000 here, whether it was so provided in the contract or not.

The circumstance that the contract stipulates that only one-third of the $4,000 shall be recoverable by complainants if they re-enter and take the premises at the end of the first year, and that only two-thirds of this sum shall be recoverable if they re-enter and take possession at the end of the second year, does not tend at

all to make this clause of the contract a penalty stipulation.

On the contrary, these provisions are in favor of defendant. His original contract was to make all these improvements within the first twelve months, and, in the absence of these stipulations in his favor, complainants might have recovered the full $4,000 had they been forced to re-enter either at the end of the first or the second year.

We are of opinion that the sum of $4,000, stated in this contract as the damage to which complainants are entitled, amounts in this case to the actual damage which they have suffered by reason of defendant's breach of his contract to make these repairs. Therefore it cannot be argued that such damages are in the nature of a penalty.

The courts always consider the proportion that the sum stipulated bears to the actual damages suffered in determining whether the former is to be treated as a penalty. Sutherland on Damages, sec. 279 *et seq.;* 13 Cyc., 96. While an apparent excess of stipulated damages over actual damages is not conclusive of the question, and does not absolutely fix the stipulated sum as a penalty, we are of opinion that stipulated damages will never be treated as a penalty where there is no disproportion, but, on the contrary, practical equality, between the stipulated sum and actual damages.

Moreover, if we call these specified damages a penalty, complainants would still be entitled to recover actual damages in this suit for defendant's breach of his con-

tract to make these repairs, and such actual damages, as we have seen, amount to the sum stipulated. The result therefore would be the same.

Chancellor's decree affirmed.