R. A. ELZEY, Appellee, v. THE CITY OF WINTERSET, IOWA, Appellant.

DAMAGES: Liquidated Damages or Penalty—Construction of Stipu-
1  lation—Paving Contracts. Liquidated damages are in sore dis-
favor with the law. On the question of allowing such damages,
the court will scrutinize (a) the whole contract, (b) the subject-
matter thereof and (c) the extraneous facts tending to make clear
the *real nature of the stipulation.* Neither the use of the words
"liquidated damages", nor the fact that the actual damages
would be difficult of proof, *nor even the intentions of the parties
to actually provide for liquidated damages,* will necessarily con-
trol such construction. Doubts will be resolved against the allow-
ance. Whether the amount apparently stipulated as liquidated
damages is out of all reasonable proportion to the actual damages
sustained or reasonably contemplated is the heart of the inquiry.
Equity and good conscience are controlling.

PRINCIPLE APPLIED: Plaintiff laid certain paving for de-
fendant city. Practically the entire work constituted one im-
provement, but was covered by three contracts, two comparatively
large and one quite small. *Each* contract provided for $25 per
day as "liquidated." damages for each day of *delay* in complet-
ing the work. There was a delay under each contract, which,
under all the contracts at $25 per day, amounted to $3,600. There
was no showing either that the city did suffer any damages be-
cause of the delay or what possible loss, by reason of delay, was
contemplated. *Held,* the provision providing $25 per day as liqui-
dated damages should be construed as a *penalty.*

DAMAGES: Liquidated Damages or Penalty—Intent to Provide Pen-
2  alty Only—Effect. The fact that a clause in a contract providing,
apparently, for *liquidated* damages was in fact inserted with the
understanding and intent that such clause should be in the nature
of a penalty is controlling in the construction of such clause.

DAMAGES: Liquidated Damages or Penalty—Fault of Party De-
3  manding. Whether one who is seeking to enforce the payment
of liquidated damages for failure to complete work, and who has

himself been at fault in delaying the work, can recover any portion of such damages, *quaere*.

*Appeal from Madison District Court.*—HON. W. H. FAHEY, Judge.

FRIDAY, NOVEMBER 26, 1915.

ACTION in equity upon certain paving contracts entered into between the plaintiff and the defendant city. There was decree in favor of plaintiff for $3,600, and defendant appeals. The material facts are stated in the opinion.—*Affirmed.*

*W. O. Lucas* and *W. S. Cooper,* for appellant.

*J. P. Steele* and *Parsons & Mills,* for appellee.

WEAVER, J.—In May, 1912, the city of Winterset entered into a contract with the plaintiff for the paving of certain streets. For reasons unnecessary here to consider, the work was divided into two parts and separate written agreements executed and later, upon certain changes being agreed upon and an additional block included in the scheme of improvements, a third writing was made, covering a part of the work. The entire work, however, seems to have constituted a single improvement and it is, perhaps, not very material whether the various writings may fairly be considered parts of a single contract or are treated as several and distinct. As originally drawn, the work provided for in the first two writings was to be completed on or before October 1, 1912; while that described in the supplemental writing was to be completed on or before November 15, 1912. The several writings each contain a clause reading as follows:

1. DAMAGES: liquidated damages or penalty: construction of stipulation: paving contracts.

"If the said party of the first part shall fail to complete said work by date specified herein, an amount equal to the sum of $25 per day, as liquidated damages for breach of this

contract, shall be payable to the city of Winterset, for each day of delay thereafter, until completion of said work, and shall be deducted from the amount herein stipulated to be paid to the said party of the first part upon final settlement."

There is nothing in the record to show how nearly the job was completed on October 1st or on November 15th; but the certificate of the city engineer is to the effect that the final completion of the work described in the first agreement was not effected until November 13, 1912, and that described in the other writings until January 3 or 4, 1913. There is also evidence tending to show that, before any default was made, there was some oral agreement or arrangement by which the contract period was extended two weeks. After the work was done, the city proceeded to ascertain the full cost of the improvement on the basis of the contract price thereof, including also all engineering and other expenses incurred, and levied special assessments therefor upon the abutting property, making no reduction therefrom on account of the penalty or damages incurred by the contractor for failure to do the work within the contract period. These assessments were either collected in cash or provided for by certificates payable in installments. Before this suit was begun, the city paid the plaintiff, in money, bonds and certificates, the full amount of the contract price of the work, less the sum of $3,600, which it withheld and still withholds on the claim that, under the penalty or damage clause above quoted from the contract, it is entitled to retain as liquidated damages, the rate of $25 per day on each of the three written agreements.

The petition herein alleges full performance of his contract by plaintiff and demands recovery of the sum which the city withholds from the agreed price of his work. The city in answer admits the retention of the money, but alleges its right to do so substantially as above stated. Replying to the claim thus asserted, the plaintiff insists that the clause of the contract on which the city relies was intended to

provide for a penalty only, and not liquidated damages, and that no actual damages resulted to the city because of the delay. He further alleges that such delay as did occur was caused by the city itself in failing to do the preparatory work which it was required to do before the paving could be laid.

The trial court found that, under the language of the contract and the circumstances attending the transaction, the damage clause is to be treated as providing a penalty only, and that, in the entire absence of any showing of actual damage, the city was bound to pay the full contract price. It found also that the progress of the work by plaintiff was in fact delayed by the failure of the city to grade the streets preparatory to paving and to put in the storm sewers and drains which were to precede the work done under the contract; and that, even if the contract were to be construed as providing for liquidated damages, none could be equitably allowed under the circumstances. Judgment being entered for the plaintiff for $3,600, the defendant appeals.

Whether a given clause of a contract provides a penalty or liquidated damages for its breach is often a troublesome question; and more frequently than otherwise, its solution is made to turn upon the peculiar facts of the individual case rather than upon any controlling precedents. The fact that the contract uses the express words "penalty" or "liquidated damages" is not at all conclusive as to the character of the stipulation. The court will look at the whole instrument and the subject-matter of the contract and give it such interpretation as, under all the circumstances, will effect the purpose which the parties intended to subserve. To this end, the court may consider evidence of extraneous facts and circumstances tending to explain or make clear the real nature of the stipulation. It is said by Mr. Pomeroy that, if the intent is at all doubtful, the tendency of the courts is in favor of the interpretation which makes the sum a penalty. 1 Pomeroy's Equity Juris. (3d Ed.), Sec. 440. Indeed, the court will not be bound by the expressed intent of the parties, if the stipulation shall, in view of the entire record, be found inequitable.

The first consideration in sustaining a stipulation for liquidated damages appears to be the difficulty or impossibility, in some cases, of ascertaining and measuring the damages actually sustained by a breach of the contract. But this is not always sufficient. The tendency of the courts in recent years has been to look into all the circumstances and give effect to such an agreement only so far as equity and good conscience will permit; and if the sum stipulated is out of reasonable proportion to the loss or injury actually sustained or reasonably to be anticipated, it will be treated as a penalty only. *Bayse v. Ambrose,* 28 Mo. 39; *Jacquith v. Hudson,* 5 Mich. 123; *Schrimpf v. Tenn. Mfg. Co.,* 86 Tenn. 219; *Seeman v. Biemann,* 108 Wis. 365; *Sanders v. Carter,* 91 Ga. 450; *Wilhelm. v. Eaves,* 21 Ore. 194; *Cochran v. Peoples Ry. Co.,* 113 Mo. 359; *Condon v. Kemper,* 47 Kan. 126; *Collier v. Betterton,* 87 Tex. 440, 442; *Wheedon v. American Bonding & Trust Co.,* 128 N. C. 69; *Ward v. Hudson River Building Co.,* 125 N. Y. 230; *Gillilan v. Rollins,* 41 Neb. 540 (59 N. W. 893).

In *Seeman v. Biemann, supra,* the Wisconsin court, considering a stipulation very like the one now before us, says:

"That brings us to the necessity of determining whether the parties agreed upon $10 a day as the amount to be allowed as damages for each day's delay, or whether that clause in the contract was intended as a mere security for the completion of the building by the time agreed upon, hence should be considered as a penalty and recoverable damages be limited to such as proof shows Farr actually sustained. The law is too well settled to permit any reasonable controversy in regard to it at this time, that where parties stipulate in their contract for damages in the event of a breach of it, using appropriate language to indicate that the damages are agreed upon in advance, and such damages are unreasonable considered as liquidated damages, the stipulated amount will be construed to be a mere forfeiture or penalty and the recoverable damages will be limited to those actually sustained.

While courts adhere to the doctrine that the intention of the parties must govern in regard to whether damages mentioned in the contract are liquidated, they uniformly take such liberties in regard to the matter, based on arbitrary rules of construction, so called, as may be necessary to effect judicial notions of equity between parties, guided of course by precedents that are considered to have the force of law.''

Upon the same subject, Mr. Sutherland says: ''The intention of parties on this subject, under the artificial rules that have been adopted, is determined by very latitudinary construction. To be potential and controlling that a stated sum is liquidated damage, that sum must be fixed as the basis of compensation and substantially limited to it; for just compensation is recognized as the universal measure of damages, not punitory. Parties may liquidate the amount by previous agreement. But when a stipulated sum is evidently not based on that principle, the intention to liquidate will either be found not to exist or will be disregarded and the stated sum treated as a penalty.'' 1 Sutherland on Damages (3d Ed.) pages 722-724.

In the leading and oft cited case of *Jacquith v. Hudson,* 5 Mich. 123 (the eminent jurist, Christiancy, J., writing the opinion), it is said in substance that it is only in very restricted or conventional sense that even the intention of the parties to the contract is controlling. The rule is there stated as follows:

''The real question in this class of cases will be found to be, not what the parties *intended,* but whether the sum is, *in fact, in the nature* of a penalty; and this is to be determined by the magnitude of the sum, in connection with the subject-matter, and not at all by the words or the understanding of the parties. The intention of the parties cannot alter it.''

In his work on Damages (9th Ed.), Vol. 1, Sec. 410, Mr. Sedgwick says, ''Where the stipulated sum is wholly collateral

to the object of the contract, being evidently inserted merely as security for performance, it will not be allowed as liquidated damages." And again, in Sec. 412, "Whenever the stipulated sum is to be paid on breach of a contract of such a nature that the loss may be much greater or much less than the sum, it will not be allowed as liquidated damages." And again, in Sec. 406, "The great object of this system is to place the plaintiff in as good a position as he would have had if his contract had not been broken. So long as parties themselves keep this principle in view, they will be allowed to agree upon such a sum as will probably be a fair equivalent of a breach of the contract. But when they go beyond this, and undertake to stipulate, not for compensation, but for a sum out of all proportion to the measure of liability which the law regards as compensatory, then the law will not allow the agreement to stand."

The Nebraska court gives controlling consideration to the question of fair compensation. It says:

"The courts, in determining whether a sum fixed by a contract to be paid for its violation is liquidated damages or a penalty, will take into consideration the subject-matter of the contract, the consideration on which it is based, the language of the contract, and the intention of the parties; but these facts, nor any of them, nor all of them, will not necessarily control the court's construction. One is entitled to recover from another with whom he has made a contract, and which the other has violated, such damages as will put him in as good a position as he would have occupied had the contract been performed; but he is not entitled to recover such damages as would make him a gainer by reason of the other party's violation of the contract." *Gillilan v. Rollins, supra.*

We ourselves have expressly approved the doctrine of the Wisconsin court above cited. *Sanders v. McKim,* 138 Iowa 122. See also *Coen v. Birchard,* 124 Iowa 394, 397, where it is said that the court will always relieve if the dam-

ages agreed upon in the contract are unreasonably disproportionate to the nature and extent of the injury.

Many other authorities to the same general effect could be cited, were it necessary. It is to be admitted that others of a different tenor are not wanting. Indeed, the conflict of judicial opinion upon this question is of long standing and irreconcilable. The general view finding expression in the precedents and text books which we have cited appears to be fair and well calculated to secure justice for both parties to the contract, and is more in harmony with the position we have heretofore taken when called upon to deal with controversies of this nature. Applying the principles thus approved to the facts of this case, we are satisfied that the damage clause on which the city founds its claim to withhold the money earned by plaintiff should be construed as providing a penalty.

Assuming, for the present, that the plaintiff was wholly at fault for the failure to complete the job within contract time, there is not the slightest hint in the evidence that damage or injury of any kind resulted therefrom to the city. True, if we were to hold that the contract clearly and conclusively provides for liquidated damages, the defendant was probably not required to offer such evidence—the breach of the contract being shown; but the utter absence of any such showing, directly or indirectly, and the tax which it places upon human ingenuity to conjecture what sort of loss or injury to the city in its corporate capacity the parties could have anticipated and provided against, for which an absolute forfeit of $75 per day would be a reasonable compensation, are matters of very material consideration, when we come to decide whether we will treat that claim as providing for liquidated damages or penalty. It is to be kept in mind that this provision has no reference to a failure of the contractor to do a good, workmanlike job, or to a failure to do the work strictly and in all respects according to the plans and specifications, but relates only to the *time* when the work shall be done. It is conceivable that a few days' delay in that respect might work

some public inconvenience, and it was proper that the city council should seek by the contract to insure or secure the completion of the work in the shortest time practicable, and the insertion of that clause in the writing for that purpose is easily explicable. But, as is pointed out in several of the authorities above cited, a stipulation for damages to secure the doing of the work within the time named is, in the very nature, of the thing, security—penalty—and not liquidated damages. If it be the rule, as we have seen, that, to be upheld as liquidated damages, there must be some apparent fair proportion between the sum named and the damages to be reasonably anticipated from delay in the completion of the work, then the record should be such as in some way suggests what probable or possible loss or injury to the city must have been in the minds of the parties in making this agreement. Neither in evidence nor in argument is there pointed out any loss or injury sustained by the city or any liability imposed upon it because of the delay. The city withholds and refuses to pay plaintiff the sum of $3,600 earned by him and offers no reason therefor save the "letter of the bond". As we have often held, there is no charm in the words "liquidated damages"; and if, on the whole case, the stipulated sum may fairly be treated as a penalty, a mere security for due performance of the job, then the party claiming advantage of the clause may recover his actual loss and no more. The sum so withheld is grossly out of proportion to any conceivable loss or injury sustained by the city, and the rule applied by us in *Coen v. Birchard*, 124 Iowa 394, 397, is quite applicable. Equity will not enforce such a claim.

There are still other reasons for holding this provision a penalty merely. Here are three several contracts, or three several parts of one contract, the subject-matters of which are of varying importance. Two of them are for the construction of comparatively large paving improvements, and one for another very small job of two or three blocks; yet in each agreement is inserted the same provision for $25 per day

damages in case of delay. This alone has frequently been held sufficient for holding the stipulation to be for a penalty, even though the parties have expressly named it liquidated damages. *Foley v. McKeegan,* 4 Iowa 1; *Sanders v. McKim,* 138 Iowa 122, 124.

To hold otherwise in this case and say the city may retain this large sum, not because it has in any manner suffered loss or injury, but because, by giving literal effect to the damage clause of the contract, it has the power to do so is repugnant to an enlightened sense of justice. Compensation, and not gain or profit, is the sole basis for the recovery of damages, save where exemplary damages are allowable. That the parties supposed this provision was in the nature of a penalty is also shown by the testimony of one of the councilmen, who was active in procuring the contract. In the first place, the resolution of the council authorizing the contract was that such contract should provide for a "forfeit", and made no mention of stipulated damages. The witness says, "Our idea was for a penalty, if through any neglect the work was not completed by that time and if we saw fit to impose the penalty we had the right to do so."

2. DAMAGES: liquidated damages or penalty: intent to provide penalty only: effect.

Finding, as we do, that the damage clause in the contract should be treated as providing a penalty only, it is unnecessary for us to discuss other questions argued. We may add, however, that, even if the contract should be construed in accordance with the defendant's contention, we should be compelled to find that a material part of the delay is chargeable to the fault of the city, a fact which would render doubtful the right of the defendant to withhold payment of any part of the contract price. See *Wills v. Webster,* 37 N. Y. Supp. 354, where it is held that liquidated damages cannot be severed or apportioned, and that, if the party claiming such damages is at fault for a part of the delay in completing the work, no recovery can be had.

3. DAMAGES: liquidated damages or penalty: fault of party demanding.

The trial court did not err in denying the defendant's right to withhold any part of the agreed contract price of the paving, and the judgment appealed from is therefore—*Affirmed*.

DEEMER, C. J., EVANS and PRESTON, JJ., concur.