BEEMAN BROTHERS, Appellants, v. DAVID HEXTER.

**Motion to Dissolve Injunction:** PLEADING AND PRACTICE: *Liqui dated damages.* An injunction was granted upon a petition, which alleged that plaintiff bought a stock of merchandise of defendant, who agreed not to re-engage in the same business; that he had broken this agreement; that while the contract provided a penalty of one thousand dollars for its breach, it was not intended as liquidated damages, to be paid for the privilege of violating the contract, but that, on the contrary, it was understood that the agreement should be kept. It is also averred that defendant has put all his property out of his hands, to defeat recovery of said penalty. *Held:*

a. In cases dealing with the question whether a contract provides for a penalty, or for liquidated damages, the words used are not conclusive of the intention, and intention may be shown by extrinsic facts, and these facts may be pleaded. Therefore, the allegations declaring what the intentions of the parties to said contract were, are well pleaded.

b. A motion to dissolve the injunction granted, on the face of said petition, because it shows the sole remedy is at law to recover stipulated damages—admits all facts well pleaded' in, the petition, and as it thus admits that the parties intended a penalty, instead of an agreed compensation, for a breach of the contract, and that defendant had made himself insolvent, it should have been overruled.

c. If there were extrinsic facts which would show, that liquidated damages and not a penalty were, in fact, contracted for, defendant should have asserted them by answer, and then have had the intention determined from all circumstances attendant upon the agreement.

*Appeal from Allamakee District Court.*—HON. W. A. HOYT, Judge.

WEDNESDAY, MAY 20, 1896.

ACTION to enjoin the defendant from engaging in trade in violation of his contract. A temporary injunction issued, which, on motion, was dissolved, and from the order the plaintiff firm appealed.—*Reversed.*

*Stilwell & Stewart* for appellants.

*Dayton & Dayton* for appellee.

GRANGER, J.—The plaintiff firm purchased from defendant his stock of merchandise in Waukon, and the petition, after reciting the facts as to the purchase, shows that the defendant agreed not to again engage in the same business in Waukon; that he has violated his agreement by again engaging in such business; that he is insolvent, and became so soon after selling his stock to plaintiff, by putting his property out of his possession and control to defraud plaintiff in case it should attempt to collect damage for his breach of the contract of sale; that the contract provided a penalty of one thousand dollars in case of a breach of it. The petition further shows that the damage specified in the contract was not intended by either party as a sum that might be paid, and excuse defendant from violating his contract not to engage in business, but was understood by both parties to be a specified penalty that plaintiff might recover in case defendant did violate his contract, and that it was the understanding of both parties that defendant should never engage again in such business in Waukon. No issue was taken on the averments of the petition, and a motion was filed to dissolve the

temporary writ, for the reason that the contract set forth in the petition provides a fixed sum as stipulated damages, to be recovered in an action at law; that being its only remedy. To support the ruling of the court, appellee relies on the case of *Stafford v. Shortreed*, 62 Iowa, 524 (17 N. W. Rep. 756). The cases, in material respects, are different. The construction of the contract in *Stafford v. Shortreed*, was based on the language of the contract, and the fact of the insolvency of Shortreed. As to the insolvency it is said in the opinion that the plaintiff is presumed to have made the contract with full knowledge of that fact, and that if he had doubts he should have taken security. In this case it is different. When this contract was made, defendant was solvent, and, with purpose to defraud, he has so placed his property that payment of the damage cannot be enforced against him; and, if a remedy by injunction is not available, he is permitted, by his own wrong, to violate his contract with impunity. Plaintiff cannot be presumed to have anticipated such a state of affairs so as to have guarded against it at the making of the contract. In another respect the cases are different. The holding in that case was based alone on the terms of the contract and the simple fact of insolvency. In this case the intent of the parties in making the contract is pleaded, and it appears that the sum fixed was not intended as liquidated damages, but as a penalty, the payment of which should not release defendant from his obligation not to again engage in the business. In *De Graff, Vrieling & Co. v. Wickham*, 89 Iowa, 720 (52 N. W. Rep. 503, and 57 N. W. Rep. 420), the question of construing such contracts has received quite careful attention, and it is there said: "Whether the sum mentioned in the contract is to be construed as a penalty, or as liquidated damages, is a question of construction, on which courts may be

aided by circumstances extraneous to the writing.
The subject-matter of the contract, the intention of
the parties, and other facts and circumstances, may
be considered." The same language is used in *Foley
v. McKeegan*, 4 Iowa, 1, and the rule, so far as we are
informed, is not questioned. Courts, in their conclu-
sions under the rule, have differed. If extraneous
matters are to be considered in determining the ques-
tion, it is, of.course, proper to make the averments of
facts to be shown. The pleadings in this case are
framed to invoke the rule, and if it should be shown
by extraneous facts, proper to be considered, that the
intention was, as averred, that intention would be
conclusive, for it is the intention, in all cases, that is
to govern. The courts will not even permit the
language of a contract to obtain, wherein the term
"penalty" or "liquidated damage" is used, if, upon a
consideration of all the facts and circumstances, a dif-
ferent intent is shown. *De Graff, Vrieling & Co. v.
Wickham*, and *Foley v. McKeegan, supra*; *Wolf v. Rail-
way Co.*, 64 Iowa, 380 (20 N. W. Rep. 481). See,
also, 5 Am. and Eng. Enc. Law, p. 24, and many
cases there cited. It is there said that "the
use of the words 'penalty' and 'liquidated dam-
ages' are not conclusive, although the word 'penalty'
*prima facie* excludes the notion of stipulated dam-
ages." Some authorities also apply the *prima facie*
rule to the use of the term "liquidated damages." It
would seem that the rule would be as applicable to one
term as the other. The injunction is the only relief
specifically asked in the case, which was temporarily
granted. Inasmuch as the motion went to the
entire cause of action by asking that the writ
be dissolved on the face of plaintiff's showing,
the motion operated, for its purpose, as an admission
of all facts well pleaded; and as the intention of the
parties was pleaded, to the effect that the damages

were-stipulated as a penalty, we think the defendant should have been held to answer, so that proper matters, extraneous to the writing, could be presented, and the intent of the parties, from all the circumstances, be known. The petition is broad in its averments of fact, and, as admitted by the motion, was a conclusive showing that the stipulated amount was intended as a penalty. It should be understood that we do not determine the question on the face of the contract alone, for no such question is presented. We simply say that on the face of the petition, which includes the contract, the motion should not have been sustained. There is another ground of the motion as shown in the record, but it is not urged in this court by appellee, and we regard it as abandoned. The order dissolving the injunction is REVERSED.