· P. A. SANDERS, Appellant, v. R. M. McKIM, M. E. HUTCHINSON, and J. J. COADY, Appellees.

**Bonds:** LIQUIDATED DAMAGES: PENALTY: RECOVERY. A bond given to secure two or more conditions of varying degrees of importance, or in excess of the damages reasonably to. be anticipated from its breach, will be treated. as providing a penalty, even though by its terms it prescribes liquidated damages; and where no actual damage for the breach is claimed a recovery on the theory that it provides for liquidated damages should not be allowed.

Sherwin, J., dissenting.

*Appeal from Calhoun District Court.*—HON. Z. A. CHURCH, Judge.

WEDNESDAY, APRIL 8, 1908.

ACTION at law to recover upon a bond. Jury waived. Judgment for defendants, and plaintiff appeals. The opinion states the facts.— *Affirmed.*

*E. C. Stevenson,* for appellant.

*Hutchinson & Jacobs,* for appellees.

WEAVER, J.— The plaintiff and the defendant McKim

entered into a written contract under date of October 11, 1905, whereby upon terms and conditions therein stated the said defendant undertook to sell, and the plaintiff to purchase, a tract of land in Warren county, Iowa. When the time came to consummate the sale by conveyance the plaintiff objected to certain alleged defects appearing in the abstract of title. To satisfy the plaintiff upon that score and induce him to accept a conveyance McKim, with his codefendants as sureties, made and delivered to plaintiff the bond in suit. The bond recites that the parties are bound in the sum of $500 as liquidated damages to be paid to the plaintiff on failure of McKim to comply with its conditions. These conditions, six in number, are as follows: " First, to procure and record a patent from the United States for the land in question to one of plaintiff's remote grantors; second, to cause to be cancelled or released a certain judgment in favor of one Himstreet, entered in the district court of Warren county January 9, 1895; third, to cause to be cancelled or released another judgment by the same court and of the same date in favor of one Hast; fourth, to produce satisfactory proof that the names C. P. Bacon and Charles P. Bacon appearing upon the abstract were of one and the same person; fifth, to produce satisfactory proof that the names D. Mulholland and David Mulholland appearing in the abstract were of one and the same person; sixth, to procure the release and discharge of two judgments of the district court aforesaid in favor of one Schee, entered one on March 27, 1895, and the other on September 5, 1895."

All of the judgments mentioned in the bond were against one Edgar, a former owner of the land. The bond further provides that the defects mentioned in the second and third clauses could be removed " by quieting the title in legal form against the judgment creditors." After stating these conditions the bond concludes with the declaration that the conditions thereof must be complied with on or before March 1, 1906; that time is the essence of the instrument; and that,

" unless each and every condition thereof is fully complied with, the $500 is liquidated damages, and no evidence of greater or less damages can be introduced in court or otherwise." This action was begun October 5, 1906, alleging a breach of the conditions of the bond, and demanding a recovery of $500 as liquidated damages. Defendants deny the claim, deny that the bond was intended to provide for liquidated damages, and allege compliance with the terms of their undertaking. They further say as to some of the conditions of the bond that, acting under plaintiff's direction, and with his consent, they proceeded to quiet title to the land by action in court, and prosecuted such action to a decree with reasonable diligence; that the required patent from the United States and an affidavit identifying D. Mulholland with David Mulholland had been procured and properly recorded. The judgments in favor of Schee had also been released of record, and a decree of the district court quieting plaintiff's title against the other judgments and against all alleged defects occasioned by the discrepancy in the name of the grantor Bacon had been procured, though these corrections had not been completed until after March 1, 1906. No evidence was offered tending to show any actual damages to plaintiff on account of the delay in performing the conditions of the bond.

The one question argued upon appeal is whether the bond in suit is to be construed as providing for liquidated damages. We concur with the trial court in the view that the sum named in said instrument should be treated as a penalty only, and, in the absence of any claim, pretense, or evidence of injury or damage to the plaintiff, he ought not to recover. The fact that the bond contains a recital that the sum therein named is agreed upon as liquidated damages is not necessarily controlling as to its legal effect. *Fitzpatrick v. Cottingham,* 14 Wis. 219; *Lampman v. Cochran,* 16 N. Y. 275; *Wilhelm v. Eaves,* 21 Or. 194 (27 Pac. 1053, 14 L. R. A. 297); *Doane v. R. R. Co.,* 51 Ill. App. 353; *Kemp v. Ice Co.,* 69 N. Y. 45; *Basye v. Ambrose,* 28 Mo. 39; *Seeman v.*

*Biemann,* 108 Wis. 365 (84 N. W. 490). It is well settled for instance that, if a bond be given to secure the performance of two or more conditions of varying degrees of importance, or if the stipulated sum be greatly in excess of the damages reasonably to be anticipated from a breach of its conditions, it will be held to provide a penalty notwithstanding that in terms it prescribes liquidated damages. *Kelly v. Fejervary,* 111 Iowa, 693; *Foley v. McKeegan,* 4 Iowa, 5; *De Graff v. Wickham,* 89 Iowa, 720; *Furnace Co. v. Mfg. Co.,* 181 Ill. 582 (54 N. E. 994); *Carter v. Stron,* 41 Minn. 522 (43 N. W. 394); *Keck v. Bieber,* 148 Pa. 645 (21 Atl. 170, 33 Am. St. Rep. 846); *Whitfield v. Levy,* 35 N. J. Law, 149; *Lyman v. Babcock,* 40 Wis. 503.

This bond, as we have seen, secures the performance of several conditions, but one of which — the record of the patent from the United States — was of any substantial importance. The judgments named in three of the conditions constituted no lien on the land and their existence had no effect whatever upon the title. Plaintiff concedes that he never assumed to pay and was under no obligations to pay said judgments and had no interest in their cancellation except as it might affect the title to his land. The variation in the recorded names of Mulholland and Bacon were mere shadows, which could be removed by the recording of proper affidavits under the provisions of our statute, or by a formal action to quiet title. The showing of a patent could be supplied by placing the instrument of record, or, if lost, by procuring a duly authenticated copy from the land department at Washington. The expense of curing all the alleged defects was expected to be, and was, in fact, of a trivial character, and was all borne and paid by the principal obligor in the bond. So far as the record discloses the plaintiff has not sustained the slightest damage. Indeed he, in effect, concedes that he has sustained no damage whatever. The thing which he sought to have secured by the bond, a clear record

title to the land, has been furnished him without cost or expense to himself.

While there is no little confusion in the decisions upon the questions of penalty and liquidated damages, we think the books will be searched in vain for any recognized authority upholding a recovery under circumstances of this character. In an academic way courts have talked of the liberty of the individual to make his own contracts and the necessity of enforcing them according to their letter, a doctrine which, within the proper limits, is unquestionably sound. But the universal tendency of modern decisions is to examine claims for stipulated damages with care, and to refuse their allowance when, from the nature of the contract, and of the circumstances under which it was made, it reasonably appears that it was intended to provide a penalty. Indeed many of the courts hold to the theory that cases of this class come under a special and exceptional rule, where the general rules of construction do not apply. In *Seeman v. Biemann, supra,* the Wisconsin court, speaking to this point, says:

The law is too well settled to permit any reasonable controversy in regard to it at this time that, where parties stipulate in their contract for damages in the event of a breach of it, using appropriate language to indicate that the damages are agreed upon in advance, and such damages are unreasonable considered as liquidated damages, the stipulated amount will be construed to be a mere forfeiture or penalty, and the recoverable damages be limited to those actually sustained. While courts adhere to the doctrine that the intention of the parties must govern in regard to whether damages mentioned in their contract are liquidated, they uniformly take such liberties in regard to the matter, based on arbitrary rules of construction so called as may be necessary to effect judicial notions of equity between parties guided, of course, by precedents which are considered to have the force of law, sometimes calling that a penalty which the parties call stipulated damages, and that which the parties call a penalty stipulated damages, where otherwise unconscionable advantage would be obtained by one person over another. Such rules permit courts to go as far as possible

to effect the intent of the parties where it is left obscure by their language, so long as such intent can be read out of the contract without violating the rules of language or of law. But, in determining whether the amount agreed upon as damages was intended as liquidated damages, or as a penalty, rules of language are ignored, and the expressed intent of parties is made to give way to the equity of the particular case, having due regard to precedents as before indicated.

See, also, 3 Parsons on Contracts, 156; *Beeman v. Hexter*, 98 Iowa, 378; *Beale v. Hayes*, 5 Sanf. (N. Y.) 640; *Jaquith v. Hudson*, 5 Mich. 123. The right to the recovery of damages in all cases has its basis in the idea of compensation, that is, some reasonable sum which shall make the complaining party whole for some damage which he has sustained at the hands of the defendant. In the case before us it affirmatively appears that plaintiff has sustained no injury, and he is therefore entitled to no compensation.

We are satisfied to follow the rule of our own and other precedents above cited, and the judgment of the district court is *affirmed.*

SHERWIN, J., dissenting.