REUBEN BROWN, Appellant, v. JULIUS N. COCHRAN, Chief of Fire Department, Council Bluffs, and NEW AMSTERDAM CASUALTY COMPANY, Appellees.

No. 43208.

JULY 31, 1936.

Mayne & Mayne, for appellant.

Tinley, Mitchell, Ross & Everest, for appellees.

RICHARDS, J.—Plaintiff's petition alleges that on March 22, 1935, defendant Cochran was chief of the fire department of the city of Council Bluffs; that by reason of chapter 80, Code 1931 (section 1619 et seq.), defendant's duties as such fire chief were to attend, and to have charge of the fire department, at all fires in said city, and at such fires to exercise the powers of chief of po-  ·
lice, and to investigate the causes, origins and circumstances of all such fires, and whether such fires were the result of carelessness or design; that on the date mentioned a fire occurred in plaintiff's home in said city during the absence of plaintiff and his family; that defendant Cochran in his capacity as fire chief attended said fire and was present at plaintiff's home when plaintiff arrived at about the time the fire was extinguished; that upon plaintiff's such arrival, Cochran in the presence of two police officers and about thirty of plaintiff's neighbors accused plaintiff of having set said fire, charging that plaintiff had "done this job and he knew it", thereby accusing plaintiff of the crime of arson; that thereafter Cochran made the same statements to other persons, as set out in the petition; that said statements and accusations were false and untrue, without reasonable or probable cause on part of defendant Cochran, and were made wantonly and maliciously, with the intent and purpose on part of Cochran to injure and defame plaintiff's reputation and social and business standing; that plaintiff has been damaged in the sum of $10,000 for which he asks judgment. Defendant Cochran filed a separate demurrer to the above outlined cause of action against him. The demurrer rests on the proposition that plaintiff cannot recover because at the time of

the matters of which complaint is made, Cochran, in his capacity as fire chief, was acting in a governmental capacity.

■■ Upon authority of Mayo v. Sample, 18 Iowa 306, opinion by Mr. Justice Dillon, the error in defendant Cochran's contention is this, whatever privileged character his communications may have had, the same was conditional or qualified, not absolute. The alleged privilege not being absolute, the demurrer, upon the grounds therein contained, failed to point out wherein plaintiff's petition did not state a cause of action against Cochran.

■■ As against defendant New Amsterdam Casualty Company, the petition, in addition to its contents already stated, sets out the official bond given to the city of Council Bluffs by defendant Cochran as fire chief, which the casualty company executed as surety. This bond conforms to section 1059, Code 1931, being the section which prescribes the conditions to be contained in bonds of public officers. In substance the bond was conditioned that Cochran as fire chief in said city will render a true account of his office, will promptly pay over to the proper person all money that may come into his hands, will exercise all reasonable diligence and care in the preservation and lawful disposal of all money and other property appertaining to said office and deliver them to his successor, or to any other person authorized to receive the same, "and * * *will faithfully and impartially, without fear, favor, fraud, or oppression, discharge all duties now or hereafter required of his office by law."

To the cause of action as above stated, against the casualty company, it filed a separate demurrer containing grounds identical with those of Cochran's demurrer already disposed of, and additionally the surety company demurred on the ground that the bond was a fiduciary bond, requiring the surety to account only for money and property. This contention of the surety company is based upon its construction of the code section following above mentioned section 1059, that is, code section 1060, which reads:

"1060. Liability of surety. The sureties on such bond shall be liable for all money or public property that may come into the hands of such officer at any time during his possession of such office."

In support of its contention the surety company in argument says:

"It is stated under section 1060, that such surety is only liable for the money or property that comes in his (the officer's) hands as officer during his possession of the office." We are unable to agree. As originally enacted what is now section 1059 and section 1060 was incorporated in a single section of the legislative act. The latter part of such section as enacted then read, in the Code of 1897, as. follows: "and that he will faithfully and impartially, without fear, favor, fraud or oppression, discharge all duties now or hereafter required of his office by law; and the sureties upon such bond shall be liable for all money or public property that may come into the hands of such officer at any time during his possession of such office." The separation of the contents of the present Code section 1060 was made by the extra session of the 40th General Assembly, known as the code revision session. If the contents of section 1060 be read as enacted, the provision, that the sureties shall be liable for all money or public property that may come into the hands of such officer at any time during his possession of such office, indicates a legislative intent to make certain the full extent of the liability of the surety with respect to money and property, at any time coming into the officer's hands, rather than to limit the surety's liability in other respects. One of the required conditions of the bond is that the principal "will faithfully and impartially, * * * discharge all duties now or hereafter required of his office by law." The statute plainly demands that this condition, as well as an accounting for property and money, must be secured by a bond signed by approved sureties. Appellee's contention if logically followed out amounts to saying that a bond not containing the condition that the principal will faithfully * * * discharge all duties now or hereafter required of his office by law, would be a sufficient statutory official bond. It is self-evident that this statute cannot be so construed. We conclude that the grounds of the demurrer of the surety company failed to point out any fatal defects in plaintiff's petition.

It will be noted that the ground of demurrer of the casualty company was the general proposition that its liability was to account only for money and property. The question whether the matters alleged in the petition established *prima facie* that the principal on the bond did not "faithfully and impartially,

38

without fear, favor, fraud or oppression, discharge all other duties now or hereafter required of his office by law,'' is not raised by the demurrer, was not argued and is not by us determined.

The case is reversed.—Reversed.

PARSONS, C. J., and STIGER, HAMILTON, and DONEGAN, JJ., concur.

MITCHELL and ANDERSON, JJ., dissent.

MITCHELL, J. (dissenting)—I find myself unable to agree with the majority opinion, and respectfully dissent.

Julius N. Cochran was the duly appointed and qualified chief of the fire department of the city of Council Bluffs. On .the 22d day of March, 1935, a fire occurred in the home of Reuben Brown. In his capacity as chief, Cochran responded to the call with the other members of the department. Upon arrival at the scene of the fire and after some investigation by him, it is alleged that, in the presence of about thirty of the neighbors who had assembled, and certain police officers, Cochran charged Brown with and accused him of having set the fire.

Thereafter, on the 31st day of May, Brown commenced this action against Cochran as chief of the fire department of Council Bluffs, and the New Amsterdam Casualty Company of New York, being the bonding company that wrote the bond required of Cochran by statute. Brown alleged that Cochran in the presence of the neighbors and police officers stated that said fire had been set in the hall, on the upstairs landing, and that he (Brown) ''had done this job and he knew it''; that said statement was false; that it was maliciously and wilfully made in the presence of a large number of people. The petition also alleged that Cochran thereafter went to the agent of the insurance company carrying the policy of insurance on the property and stated that the house was deliberately set on fire, that said statements were false and were made without probable cause; and asked for damages in the amount of $15,000 against the defendant Cochran, and for judgment in the amount of $2,000 against the defendant New Amsterdam Casualty Company.

To this petition there were filed two separate demurrers, one on the part of Cochran and one on the part of the casualty company. The demurrer on the part of Cochran set up that the

petition on its face shows that the defendant Cochran at the time of the matter complained of, was acting in his capacity as chief of the fire department of Council Bluffs; that he was acting in a governmental capacity; and that under the provisions of the Code he was obliged to investigate the cause, origin and circumstance of every fire, and to determine the cause if possible; that he was so engaged at the time he is charged with making the statements; that the petition failed to set forth any facts which would give the plaintiff the right to recover from said defendant.

The defendant New Amsterdam Casualty Company filed a demurrer, setting out the same grounds as set out in the demurrer of the defendant Cochran, with the additional ground that under the terms and provisions of its bond plaintiff had not pleaded a cause of action against the bonding company as shown by the bond set forth in plaintiff's petition. Said bond covered matters which are governmental and which have to do with the performance of the duties of Julius Cochran as chief of the fire department of Council Bluffs, and only covered acts in that capacity.

The lower court sustained both of the demurrers. Plaintiff elected to stand on his original petition. Judgment was entered, dismissing the petition, and for costs. From said ruling and judgment the plaintiff has appealed to this court.

I. We will consider first the demurrer of the appellee Cochran.

That he was the chief of the fire department of the city of Council Bluffs is conceded. That he answered the call with other members of the department to the scene of the fire, and that he made the statements alleged in plaintiff's petition, must be taken as true, under the condition of this record, the case having been decided by the lower court upon the demurrer.

The petition alleged that the statements made by Cochran were maliciously made. It charged him with stating that the plaintiff had set the fire and was therefore guilty of the crime of arson. Now, it is the theory of the appellee that Cochran at the time he made the statement, was acting in a governmental capacity. Under the statutes of this State, as chief of the fire department, it is his duty to investigate the cause of all fires, but nowhere is he given the right to accuse a person publicly of the crime of arson. And when he made such a statement, if he

did make it—and for the purposes of this record we have to assume that he did—he stepped aside from his governmental capacity and spoke as an individual.

In the case of Mayo v. Sample, 18 Iowa 306, this court said at pp. 311-2:

"*Bona fide* efforts made by public officers, in the line of their duty, acting upon information received from others, and without malice, with a view to discover offenders or obtain stolen property, are justifiable and proper. And a charge of crime, in connection with such efforts, where no bad motive exists, and where 'the party acted in good faith, and took no advantage of the occasion to injure the plaintiff's character or standing,' by a malicious attack, is not regarded as slanderous, without proof of malice in fact."

In the case at bar we have an allegation that the statement was maliciously made; that it was made without probable cause; that it was made in the presence of the neighbors and police officers, and that it was untrue. Nowhere in the statute prescribing the duties of this public official is there anything that requires him, or any other public official, maliciously to slander any individual. No one would argue that if appellee Cochran had been attending the fire as a private citizen and had uttered the statements alleged in appellant's petition, in the manner therein set out, he would not be liable to appellant for damages. When appellee stepped out of the line of his duties as chief of the fire department and uttered the statement alleged to have been made, he was not acting as chief of the fire department, nor was he carrying on any duties required of him in his official capacity, and the cloak that protects the government official had been lifted away and he became liable for any slanderous statements he may have made. To hold otherwise would give to a public official the right maliciously to injure the good name of a citizen of his community under the color of the office he was holding. This would clearly be against public policy.

It is the claim of appellee that this action was brought not against the individual Cochran but rather against Cochran as chief of the fire department of Council Bluffs, Iowa. It is true, there are added after his name the words, "Chief of the Fire Department of Council Bluffs, Iowa," but these words are sim-

ply descriptive of the title which he held, and mere surplusage. The demurrer as to Cochran I would overrule.

II. We come now to the question of the demurrer on the part of the New Amsterdam Casualty Company. The bond which was filed for Cochran was a statutory bond, provisions with respect to which are found in section 1059 of the code of 1931 as follows:

"That as ——————— (naming the office), in ——————— (city, town, township, county, or State of Iowa), he will render a true account of his office and of his doings therein to the proper authority, when required thereby or by law; that he will promptly pay over to the officer or person entitled thereto all moneys which may come into his hands by virtue of his office; that he will promptly account for all balances of money remaining in his hands at the termination of his office; that he will exercise all reasonable diligence and care in the preservation and lawful disposal of all money, books, papers, securities, or other property appertaining to his said office, and deliver them to his successor, or to any other person authorized to receive the same; and that he will faithfully and impartially, without fear, favor, fraud, or oppression, discharge all duties now or hereafter required of his office by law."

Thus we find that the bond which was filed required a true accounting by Cochran of the affairs of his office, delivery of the moneys which came into his hands, and, finally, that "he will faithfully and impartially, without fear, favor, fraud or oppression, discharge all duties now or hereafter required of his office by law."

The act with which appellee is charged, and upon which appellant seeks to recover damages, is one which was not part of the duties of appellee Cochran's office. The petition alleged that Cochran maliciously accused Brown of the crime of arson. When he made this statement he stepped out of the bounds of his official position as chief of the fire department, and was not acting in a governmental capacity at that time. The bonding company gave a bond only to see that Cochran faithfully performed the duties of his office and accounted for the moneys that came into his hands, and is not liable for something that Cochran did that does not come within the duties required of him as chief of the fire department of Council Bluffs.

It therefore follows that as the act charged was not one of the duties required of Cochran, the bonding company would not be liable upon its bond, and I would sustain the demurrer of the New Amsterdam Casualty Company.

I am authorized to say that ANDERSON, J., joins in this dissent.