STATE OF IOWA ex rel. CARROLL O. SWITZER, County Attorney, Appellant, v. VANE B. OVERTURFF et al., Appellees.

No. 47271.

(Reported in 33 N. W. 2d 405)

August 2, 1948.

Carroll O. Switzer, County Attorney, B. J. Powers and Paul W. Walters, Assistant County Attorneys, for appellant.

Wendell B. Gibson and Gibson, Stewart & Garrett, all of Des Moines, for State Automobile Insurance Association, appellee.

James W. Hall and Carl A. Burkman, both of Des Moines, for Vane B. Overturff, appellee.

SMITH, C. J.—The case comes to us on appeal from a decision on the pleadings. Is appellant entitled, under the allegations of its petition, to a *forfeiture* of defendant Overturff's sheriff's bond for his alleged malfeasance and misfeasance in office? It is alleged the sheriff, by conspiracy with others, collected on false and padded expense claims of himself and his office force; also, that he permitted open, notorious and flagrant violations of law at certain favored places. The details are unimportant to this appeal. No question is raised by defendants as to the wrongful character of the alleged conduct. Their contention is that liability therefor, if any, could only be enforced by action to recover on the bond the amount of any damage suffered and not by a forfeiture of the entire amount of the bond; in their words, "the statutory bond of a public officer is not a forfeiture bond but a security and indemnity for the protection of the public body and the public." The trial court sustained this contention.

Plaintiff argues various considerations in support of the main proposition that an official bond is subject to forfeiture of its full amount upon failure of the officer to abide by its conditions.

I. The terms of the bond need not be set out here since all statutory requirements will be considered as included and nonstatutory provisions read out. In re Estate of Durey, 215 Iowa 257, 265, 245 N. W. 236; section 64.5, Code, 1946; Brooke v. American Sav. Bk., 207 Iowa 668, 674, 223 N. W. 500; City of Charles City v. Rasmussen, 210 Iowa 841, 232 N. W. 137; Joint Board of Supervisors v. Title Guar. and Sur. Co., 198 Iowa 1382, 1387, 196 N. W. 581, 201 N. W. 88.

II. Code section 64.2, Code, 1946, requires the bond to be conditioned that the official "will render a true account of his office and of his doings therein to the proper authority, when required thereby or by law; that he will promptly pay over to the officer or person entitled thereto all moneys which may come into his hands by virtue of his office; that he will promptly account for all balances of money remaining in his hands at the termination of his office; that he will exercise all reasonable diligence and care in the preservation and lawful disposal of all money, books, papers, securities, or other property appertaining to his said office, and deliver them to his successor, or to any other person authorized to receive the same; and *that he will faithfully and impartially, without fear, favor, fraud, or oppression, discharge all duties now or hereafter required of his office by law.*"

This is the full statutory condition of the bond. We have italicized the last clause as the only part that would seem to furnish any basis for treating it as anything but an indemnity bond. The four earlier clauses all clearly contemplate an accounting and a reduction of any claimed liability to liquidated form. Plaintiff does not concede this but argues that "the violation of one or more of the provisions * * * calls for a forfeiture of the entire sum."

The statutory language above quoted was in the Code of 1851 and has continued through all succeeding Codes to the present time. In the Code of 1897 first appeared some additional language: "and the sureties on such bond shall be liable for all money or public property that may come into the hands of such officer at any time during his possession of such office." Section 1183, Code, 1897. This identical language is preserved

in succeeding Codes to the present Code section 64.3. Presumably, its omission from the original section and its inclusion in a separate section in succeeding Codes is more editorial than legislative. In any event the two provisions are of course to be read together.

There are other pertinent statutes. The amount of a sheriff's bond is not fixed by law but by the board of supervisors. Code sections 64.7, 64.8. The fixed statutory minimum sum however is $5000. Code section 64.9. The bond sought to be forfeited here is for $25,000.

Other Code sections should be referred to:

"The official bond of a public officer is to be construed *as a security* to the body politic or civil corporation of which he is an officer, and to all the members thereof, severally, *who are intended to be secured thereby.* Section 666.1, Code, 1946. (Italics supplied.)

"A judgment in favor of a party for one delinquency does not preclude the same or another party from an action on the same security for another delinquency * * *." Section 666.2.

Section 452.15 makes the official bond liable for a fine of not exceeding $1000 levied against the officer for neglect or refusal to perform his official duty and "for the damages sustained by any person through such neglect or refusal."

"All bonds of public officers shall * * * be for the use and benefit of any corporation, public or private, or person injured or sustaining loss * * *." Section 64.18.

See, also, section 65.2.

III. We are asked to construe these various statutes as permitting the sheriff's bond here to be forfeited in its entirety without reference to any definite pleaded or proven amount of defalcation or fraudulent overcharge by, or damage for misconduct of, the principal. This we cannot do.

The only Iowa case cited is Brown v. Cochran, 222 Iowa 34, 268 N. W. 585. It does not bear out the contention. It was not a forfeiture action but one for a pleaded amount of damage on account of alleged libel of plaintiff by defendant, as city fire

chief. It was of course for an unliquidated sum but it contemplated liquidation by jury verdict as basis of recovery.

Plaintiff cites various cases from other jurisdictions involving bonds held to be subject to forfeiture upon violation of their conditions. None were statutory official bonds. Most of them belonged to the class of bonds given "to secure compliance with law" as discussed in 11 C. J. S., Bonds, section 130, on page 510; 9 C. J., Bonds, section 130. But this text cites no cases holding that bonds of public officers belong in that class.

Cases of the character just referred to are not in point here. We have to determine the nature of the bond in question from the applicable statutory provisions heretofore cited.

The statutory provision (now section 64.2) has been in effect approximately one hundred years and apparently no claim has heretofore been made that official bonds therein provided for were forfeitable upon condition broken. At least we have found no such case and none is cited. *In fact no case is cited nor do we find any from any jurisdiction which holds bonds of public officials subject to forfeiture.* Every case and every text writer we have examined treats them as indemnifying. 43 Am. Jur., Public Officers, sections 394, 407, 415; 46 C. J., Officers, sections 403, 405; Mechem on Public Officers, section 263 et seq.; Throop on Public Officers, section 293.

IV. The various Iowa statutes we have set out clearly contemplate that official bonds are for indemnity. Section 64.3 makes the sureties liable "for all money or public property" coming into the principal's hands. Section 666.1 says the bond "is to be construed as a security" and section 666.2 is to the same effect. Section 64.18 expressly provides that official bonds shall "be for the use and benefit [of those] injured or sustaining loss" by reason of the officers' default or misconduct. Section 65.2 authorizes the approving officer or board to require "additional security by a new bond." Section 452.15 making the bond liable for a fine levied for neglect or refusal to perform official duty would be entirely useless if the bond could be forfeited. There would be no need of criminal proceedings or the levy of any fine.

These provisions are quite inconsistent with any intention of making the bonds forfeitable either for violation of the gen-

eral requirement "that he will faithfully and impartially, without fear, favor, fraud, or oppression, discharge" his duties, or for breach of any of the other conditions. Ouster proceedings and criminal procedure are the provisions for punishing officers who violate their duties or are guilty of misconduct. See Code chapters 66, 739, 740, and sections 452.14 and 452.15. The official bond is for the purpose of indemnifying the obligee or any person suffering injury or loss by reason of official malfeasance, misfeasance or nonfeasance.

There is another important legislative fact that stands in the way of plaintiff's contention. The statutes (sections 64.7, 64.8, 64.9) merely fix a minimum amount of $5000 as the "penalty" of the bond but permit the board of supervisors to fix a larger amount without limit.

We would be reluctant indeed to hold the legislature intended the boards of various counties thus to fix "penalties" for official wrongdoing. The acts charged in plaintiff's petition here would be just as serious offenses in any other county as in Polk. The result of plaintiff's argument, if sustained, would be to penalize a Polk county sheriff $25,000 for acts that, if committed by the sheriff of some other county, would draw a "sentence" of only $5000.

We do not think the legislature ever intended to grant such power to county boards or that any board ever thought it was exercising such authority. It is too clear for argument that the intention was to permit the approving board to fix a larger *indemnity* in counties in which on account of size or other circumstance a larger amount seemed necessary or desirable.

V. The temptation is great to delve deep into the historical background and reasons for treating some bonds as forfeitable and others as indemnifying only. We must not indulge it. The doctrine of indemnity seems to have arisen in equity to mitigate in proper cases the common-law enforcement of forfeiture. An interesting discussion and quotations from various older authorities are found in Clark v. Barnard, 108 U. S. 436, 453 et seq., 2 S. Ct. 878, 27 L. Ed. 780, cited by appellant here.

The usual form of the bond, read strictly, would create liability for the full amount upon conditions broken. It seems still to be the procedure in some jurisdictions to render judgment at law for the full amount (in case of violation of the conditions) subject however to being chancered, i. e., adjusted according to equitable principles. United States v. New Amsterdam Cas. Co., 1 Cir., R. I., 45 F. 2d 93. That, of course, has never been the procedure in Iowa.

VI. Plaintiff's contention here would in effect treat the "penalty" named in the bond as liquidated damages. The decision in Sanders v. McKim, 138 Iowa 122, 126, 127, 115 N. W. 917, 919, involved a bond (not an official bond) that expressly bound the parties in the named sum "as liquidated damages" in event of conditions broken. It was held, notwithstanding this express language, that since no actual damage was proven there could be no recovery.

Much emphasis in oral argument and in the printed reply brief is laid on the language of Code section 64.8: "The bonds * * * shall each be *in a penal sum* to be fixed by the board of supervisors." (Italics supplied.) But the words "penal sum" and "penalty" are distinguished from the term "forfeiture" in many cases though used interchangeably in many others. See 31 Words and Phrases 593 et seq., and supplement thereto.

In Sanders v. McKim, supra, it is pointed out there is "confusion in the decisions upon the questions of penalty and liquidated damages" and language is quoted from Seeman v. Biemann, 108 Wis. 365, 373, 84 N. W. 490, 492, to the effect that where a stipulated amount is "unreasonable considered as liquidated damages" it "will be construed to be a mere forfeiture or penalty and the recoverable damages be limited to those actually sustained."

This comment is added in the Sanders v. McKim case:

"The right to the recovery of damages in all cases has its basis in the idea of compensation, that is, some reasonable sum which shall make the complaining party whole for some damage which he has sustained at the hands of the defendant."

And in Beeman v. Hexter, 98 Iowa 378, 381, 67 N. W. 270, it is said:

"The courts will not even permit the language of a contract to obtain, wherein the term 'penalty' or 'liquidated damage' is used, if, upon a consideration of all the facts and circumstances, a different intent is shown"; and authorities are cited to the effect that use of these terms is not conclusive.

We cannot attach great significance to the words "penal sum." The term "penalty" of course originally meant, and in some connections still means, punishment, as its derivation suggests. The familiar test was whether the wrong sought to be redressed was a wrong to the public or one to the individual. Huntington v. Attrill, 146 U. S. 657, 668, 13 S. Ct. 224, 36 L. Ed. 1123; Porpora v. City of New Haven, 122 Conn. 80, 187 A. 668, 674.

But it has come, not infrequently, to mean also any extraordinary liability to which the law subjects a wrongdoer in favor of the person wronged, not limited to the damages suffered. Southern Ry. Co. v. Melton, 133 Ga. 277, 65 S. E. 665, 671, 672, and cases cited; State ex rel. Rodes v. Warner, 197 Mo. 650, 94 S. W. 962, 964.

And in still other cases it has, when used in bonds, been construed to connote merely security for damage actually caused by the breach of the condition, with recovery thereon limited to an amount compensatory therefor, unless stipulated or liquidated damages are clearly intended. United States v. United States F. & G. Co., D. C. Pa., 35 F. Supp. 959, 961, citing Illinois Sur. Co. v. United States, 2 Cir., N. Y., 229 F. 527, 530.

Our own court has, notwithstanding the words "penal sum", held that bonds of public officers stand as security for funds lost or destroyed without any suggestion of fault or negligence (to say nothing of criminal conduct) on the part of the officer in whose custody they belonged. See Taylor District Township v. Morton, 37 Iowa 550; District Township v. Smith, 39 Iowa 9, 18 Am. Rep. 39.

In view of the elasticity of the expression "penal sum" its use in Code section 64.8 cannot be held to indicate a legislative intent to make officials' bonds subject to forfeiture. At the same

time every other pertinent statute points unmistakably to the conclusion that they are intended to furnish indemnity. The decision of the trial court is right.——Affirmed.

All Justices concur.