WAYNE W. HUNTSMAN, appellee, v. ELDON MILLER, INC., appellant.

No. 49909.

(Reported in 101 N.W.2d 531)

MARCH 8, 1960.

Schaetzle, Austin, Grefe & Randall, of Des Moines, for appellant.

480

William L. Meardon and D. C. Nolan, both of Iowa City, for appellee.

HAYS, J.—Plaintiff seeks recovery of certain funds withheld from his earnings, and also from his assignor, under the provisions of a contract entered into between defendant and his assignor. It is conceded that such a contract was duly executed, that funds were withheld and that the terms of the contract authorized such. The chief question presented is whether or not the withholding clauses provide for a penalty, as contended by plaintiff, and hence void. The trial court, under rule 105, R. C. P., held them to be void and entered judgment for the amount withheld. Defendant appeals.

The clauses of the contract primarily at issue here are paragraphs (9) and (16). They provide as follows:

"(9). The Second Party [plaintiff's assignor] shall furnish a surety bond in the amount of $1,000 * * * conditioned upon full and faithful performance hereunder * * *, provided, that in lieu of such bond, the Second Party may deposit with the First Party the sum of $1,000 in cash, either as a lump sum or by authorizing the First Party to withhold 10% of all payments otherwise due the Second Party until such withholdings aggregate $1,000. If the Second Party shall render full and faithful performance * * * the deposit shall be paid over to the Second Party, * * *; but if the Second Party shall fail to render such full and faithful performance, then the First Party * * * shall be entitled to the $1,000. * * *

"(16). It is expressly understood and agreed that if the Second Party shall be in default under any of the terms of this agreement or shall be in violation of the Interstate Commerce Commission Motor Carriers' Safety Regulations, or shall falsify his records or commit any other illegal * * * act, or shall fail or refuse to have said equipment available as contemplated hereunder, then and in any of such events, the First Party may terminate this agreement forthwith, and retain any amount then held by it under the provisions of paragraph (9)."

Elsewhere in the contract are other requirements to be performed by the second party, such as: keeping the equipment in good condition and appearance; paying the wages of any

relief drivers and social security, unemployment and other taxes; pay all license and permit fees arising out of the use of the equipment; save first party harmless from all cargo loss or damage due to the negligence of the second party; and to reimburse first party for any expense, cost or damage due to delay by the second party in the pick up, transportation or delivery of any load.

The contract was executed by the defendant and plaintiff's assignor in July 1954; was assigned to plaintiff in November 1954, and was terminated by the defendant in December 1954. The alleged reason for the termination is that plaintiff was intoxicated while .on duty. It was agreed at a pretrial conference that the defendant had withheld under said contract the sum of $754.53, of which $680.88 was from plaintiff's assignor and $73.65 from plaintiff's earnings.

I. The trial court found as a matter of law that paragraphs (9) and (16) provided for a penalty, which finding is assigned as error.

 It is well settled that a contract is most strictly construed against the party who prepares it. Marty v. Champlin Refining Co., 240 Iowa 325, 36 N.W.2d 360; Sears, Roebuck and Co., Inc., v. Poling, 248 Iowa 582, 81 N.W.2d 462. Clearly this contract was prepared by the defendant. It is also the rule that only where a contract is ambiguous and the language used is susceptible of various meanings that the usual rules of construction apply; where clear and concise language is used its meaning is for the court to determine as a matter of law. In re Estate of Murdoch, 238 Iowa 898, 29 N.W.2d 177; Weik v. Ace Rents, Inc., 249 Iowa 510, 87 N.W.2d 314; 17 C. J. S., Contracts, section 294. The trial court held there was nothing ambiguous in the language used in the contract and that its construction and meaning was for the court, gathered from the four corners of the same. We agree.

 The principle underlying our system of jurisprudence is that of compensation with the ultimate purpose being to put, if possible, the injured party in as favorable a position as though the contract had been performed. To this end they may agree upon a sum as will fairly compensate for the breach. When, however, they agree, not for compensation, but for a sum out

of all proportion to the measure of liability which the law regards as compensation, then such agreement is deemed to be in the nature of a penalty and cannot be enforced. Kelly v. Fejervary, 111 Iowa 693, 83 N.W. 791; State ex rel. Switzer v. Overturff, 239 Iowa 1039, 33 N.W.2d 405, 4 A. L. R.2d 1343.

In Holt v. Doty, 193 Iowa 582, 588, 187 N.W. 550, 552, it is said: "It is well settled that if a contract or bond is given to secure the performance of two or more conditions of varying degrees of importance, or if the damages stipulated are grossly in excess of the damages reasonably to be anticipated from a breach of the conditions, the agreement will be construed to provide a penalty."

See also Foley v. McKeegan, 4 (Clarke) Iowa 1, 66 Am. Dec. 107; Sanders v. McKim, 138 Iowa 122, 115 N.W. 917; McMurray v. Faust, 224 Iowa 50, 276 N.W. 95; 25 C. J. S., Damages, section 111; 15 Am. Jur., Damages, section 253; Restatement, Contracts, section 339 (1b). It was upon this basis that the trial court held the clauses to be void.

It is clear from a reading of the contract that it contains conditions, or obligations, of varying degrees of importance. For instance: if plaintiff permits the equipment to become unsightly in appearance, or fails to pay a fine assessed for speeding or parking overtime, then under the provisions of the contract the defendant may terminate the same and retain all funds withheld up to the total sum of $1000; if the plaintiff, due to his negligence, causes a total loss of a cargo or due to a violation of the Interstate Commerce Commission's regulations the defendant would lose its license to engage in interstate commerce, the defendant could terminate the contract and retain all funds withheld. Under the provisions of the contract it is not the breach that makes the deposited funds the property of the defendant but its election to terminate the same. It may elect to terminate for a trivial violation or may continue the contract even though there be a major violation. In the former case the damage, if any, would be slight and readily ascertainable; in the latter, it might be very difficult or impossible to ascertain. Under the authorities, above cited, the trial court correctly held that these provisions constituted a penalty and that they were void.

■ ■ While, as claimed by defendant, that though a contract. provides for a sum certain payable for the nonperformance of each of several things of varying importance but the several things are but successive steps to the accomplishment of one primary purpose and such sum is intended as liquidated damages for the accomplishment of one primary purpose, the same is. not a penalty, may be the law under certain situations, we do not find this contract to be of that type.

II. After a pretrial conference, when it was agreed as to the amount withheld under the contract, the defendant, with consent of the court, filed an amendment to its answer which upon motion of the plaintiff -was stricken by the court, and the case then determined by the court under rule 105, R. C. P. This is asserted to be error. Nowhere in this amendment is it claimed that the fund was withheld as liquidated damages; nowhere is there any claim that because of the act done, upon which the right to terminate is predicated, any specific damage resulted to defendant. It sets forth many items of expense that the defendant is placed under in maintaining its business and alleges the average expense in connection with each contract driver is about $1200 and if such driver does not fully perform his contract the amount expended for his training is a total loss to defendant, and that paragraphs (9) and (16) were to protect defendant as to such items and expenses and against loss caused by the driver. It flatly asserts that the contract is legal and asks the dismissal of plaintiff's petition. Even conceding as true everything set forth in the amendment, the issue before the court still remained the same, whether or not under the terms of the contract a penalty was provided for. We find no prejudice to the defendant in such ruling.

III. Error is assigned to the court's finding that, under the assignment, the same carried with it the right to the funds withheld from the plaintiff's assignor.

The assignment is not before the court, but it was agreed at the pretrial conference that the same was produced by the defendant at the time that it was executed and the assignment of plaintiff's assignor of his rights under the contract is not denied by defendant, and is specifically authorized by paragraph (20) thereof. Division (d) thereof provides that the assignee

comply with paragraph (9) and if the assignor has deposited cash in lieu of bond, such deposit shall be held as a guarantee of performance by the assignee as though the agreement had been made with, and the deposit made by, or withheld from the earnings of, said assignee. Under the record we think the court could so find.

IV. It is claimed the court erred in not permitting it to proceed to trial and prove actual damages occasioned by the plaintiff's breach. No claim for specific damages is made by the defendant. Its only contention raised by any pleading was that the contract was valid in all respects and the funds withheld belonged to it. The trial court determined the only issue before it.

While other errors are assigned we have examined the same and do not deem comment thereof necessary.

Finding no error the judgment of the trial court should be and is affirmed.—Affirmed.

All JUSTICES concur.